# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:19-cv-01504-RM

AMANDA SPEAKER,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

## ORDER

Plaintiff seeks judicial review of Defendant's denial of her application for disability insurance benefits. The Court has reviewed the pleadings, case file, and applicable law and now affirms Defendant's decision for the reasons below.

## I. BACKGROUND

Plaintiff filed her application in April 2016, alleging disability beginning on February 11, 2015, when a 300-pound gate fell on her at work. After a hearing at which Plaintiff testified and was represented by counsel, an administrative law judge ("ALJ") found she was not disabled because she could perform her past relevant work as an administrative assistant and denied her application on June 13, 2018.

The ALJ applied the five-step process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (ECF No. 11-2 at 62.)

At step two, the ALJ determined Plaintiff had the following severe impairments: scoliosis, degenerative disc disease, osteoarthritis of the right shoulder and left ankle, reflex sympathetic dystrophy, and migraine headaches. (*Id.* at 63.)

At step three, the ALJ determined Plaintiff's impairments, considered independently and in combination, did not meet or equal the severity of a listed impairment. (*Id.* at 65.)

Before reaching step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to some limitations.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b). The ALJ further limited Plaintiff's RFC as follows:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently, walk and/or stand for 4 hours, and sit for 6 hours in an 8-hour workday. She cannot climb ladders or stairs, must avoid exposure to hazards, fumes and other respiratory irritants, and cannot lift overhead. She can occasionally stoop, kneel, crouch and crawl and must use a cane when walking.

(ECF No. 11-2 at 66.)

At step four, the ALJ determined Plaintiff could perform her past relevant work as an administrative assistant. (*Id.* at 71.)

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 20 C.F.R. § 404.981.

Plaintiff requests judicial review pursuant to 42 U.S.C. § 405(g), arguing the ALJ erred by (1) failing to consider all of her medically determinable impairments and the combined effect

2

of those impairments, (2) improperly determining her RFC, and (3) concluding she could perform her past relevant work.

## II. LEGAL STANDARD

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). To determine whether the substantiality test has been met, the Court meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings, but the Court does not reweigh the evidence or retry the case. *Id.* "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

## III. DISCUSSION

In determining Plaintiff was not disabled, the ALJ gave great weight to the medical opinions of a consultative examiner, Dr. Bommiasamy, and a state agency physician, Dr. Pritchard, because their opinions were generally consistent with the record. Nonetheless, the ALJ's assessment of Plaintiff's RFC was more restrictive these doctors' assessments. The ALJ gave little weight to an opinion by another state agency physician, Dr. Kehril, who opined that Plaintiff could perform medium exertional work. Plaintiff has not raised any issues with respect to the weight given to these opinions. *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

### A. Medically Determinable Impairments

Plaintiff first contends the ALJ failed to consider adequately her diagnosed impairments of myofascial pain syndrome, Tarlov cysts, and chronic pain syndrome. To the extent Plaintiff argues the ALJ erred by not finding these to be severe impairments, such error would be harmless here because the ALJ found Plaintiff did have other impairments that were severe. *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds at least one other impairment is severe.").

Plaintiff's contention that the ALJ erred by failing to consider these impairments in determining her RFC is unavailing because she has not identified any specific limitations associated with these impairments that the ALJ should have considered but did not. Although an ALJ is required to consider the limiting effects of severe and non-severe impairments alike, Plaintiff has made no showing that her symptoms related to these impairments, singly or in combination, are inconsistent with her ability to perform light work with the limitations assessed by the ALJ. The ALJ implicitly found that these impairments did not significantly limit her work activities when he determined that these impairments were not severe. *See* 20 C.F.R. § 404.1522(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Moreover, "diagnoses by themselves are not significantly probative evidence the ALJ ha[s] to reject" to find a claimant is not disabled. *Fulton v. Colvin*, 631 F. App'x 498, 501 (10th Cir. 2005) (unpublished). An ALJ is not required to discuss evidence that is not significantly probative. *Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007). "In civil cases such as this, the party challenging the action below bears the burden of establishing that the error prejudiced that

4

party." *St. Anthony Hosp. v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002). In addition to failing to identify any specific limitations that the ALJ failed to consider, Plaintiff has not shown the ALJ would have reached a different conclusion had these impairments been considered further.

B.     RFC

Plaintiff next alleges various errors by the ALJ in determining her RFC. First, she contends the ALJ did not give sufficient weight to her subjective reports of pain. However, credibility determinations are peculiarly the province of the finder of fact, and the Court will not upset such determinations if they are supported by substantial evidence. *See Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013). Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms but found that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with other evidence in the record. Plaintiff has not identified substantial evidence in the record that her pain prevented her from working.[1] "[D]isability requires more than mere inability to work without pain." *Brown v. Brown*, 801 F.2d 361, 362-63 (10th Cir. 1986). It was not improper for the ALJ to consider the lack of objective verification to support Plaintiff's hearing testimony. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1168 (10th Cir. 2012). Plaintiff's testimony and argument that her capabilities were more limited than the

---

[1] Although Plaintiff's opening brief argues at page 4 that the ALJ failed to properly evaluate her subjective complaints under the analysis described in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), no further mention of *Luna* can be found. "Under *Luna* an ALJ faced with a claim of disabling pain is required to consider and determine (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged . . . ; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling."
*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012). To the extent Plaintiff has not waived any argument based on these factors by failing to present it adequately in her opening brief, the Court finds she has not shown the ALJ applied incorrect legal standards in evaluating her subjective complaints of pain.

ALJ found them to be does not establish that the ALJ's reliance, to varying degrees, on the three medical opinions cited above was improper. The Court will not reweigh the evidence. *Wall*, 561 F.3d at 1052.

Plaintiffs contention that the ALJ erred by rejecting the work restrictions Dr. Morrison placed on Plaintiff after her February 2015 workplace injury is also unavailing. The ALJ gave little weight to Dr. Morrison's assessment, noting that her statements were made in the context of a worker's compensation claim, which is analytically distinct from an RFC assessment. An RFC is an assessment of the most a claimant can do despite his or her limitations, and the ALJ assesses the claimant's RFC based on all the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a)(1). Further, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Plaintiff has not shown that the ALJ erred by giving little weight to the restrictions imposed by Dr. Morrison.

Plaintiff has also not shown the ALJ erred in assessing her treatment for pain. Whether a claimant has pursued and received medical treatment that is consistent with her subjective allegations of pain is appropriate for an ALJ to consider in determining whether her subjective allegations of pain are supported by objective medical evidence in the record. *Angel v. Barnhart*, 329 F.3d 1208, 1213 (10th Cir. 2003). In considering Plaintiff's statements about the limiting effects of her symptoms, the ALJ noted that her course of treatment for her pain included physical therapy, medications, and injections. The ALJ also noted that she did not seek more aggressive treatments, suggesting that her pain was adequately treated. Plaintiff has not shown the ALJ's findings related to her course of treatment are not supported by substantial evidence.

To the extent Plaintiff contends the ALJ erred in considering her activities of daily living, the Court is not persuaded. Plaintiff's reported daily activities were additional evidence supporting the ALJ's conclusion that Plaintiff's symptoms were not severe enough to prevent her from working. The ALJ found Plaintiff could drive a car, do laundry and household chores, shop, take walks, look after her two kids, and even work with horses. Plaintiff has not shown these findings are not supported by substantial evidence. The ALJ was not required to accept Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms. Even if different conclusions could be drawn from the evidence, the Court's role is to review merely the sufficiency of the evidence, not its weight. *Oldham*, 509 F.3d at 1257.

Nor is the Court persuaded that the ALJ erred with respect to his consideration of Plaintiff's migraine headaches. Although Plaintiff argues her migraine headaches prevented her from working, she does not rebut the ALJ's determinations that the frequency of her headaches decreased to two per month after she saw a specialist or that she obtained adequate relief through medication. The ALJ also cited evidence that massage treatment had cleared pressure from her head. Under the circumstances presented, the ALJ was not required to accept Plaintiff's hearing testimony that migraine headaches frequently put her out for twelve hours.

Plaintiff contends the ALJ erred by giving little weight to a statement by her friend, Mr. Halverson. However, given the absence of any evidence that Mr. Halverson had a medical background and the ALJ's conclusion that Mr. Halverson's subjective statement was unsupported by and inconsistent with the record as a whole, the Court discerns no error. Plaintiff provides no compelling argument or legal authority for the proposition that Mr. Halverson's opinion was entitled to greater weight. Nor has she shown how the outcome of the proceeding would have been different if the ALJ had given greater weight to Mr. Halverson's statement.

### C. Past Relevant Work

Finally, Plaintiff also contends the ALJ erred by determining that she was able to perform her past relevant work as an administrative assistant. However, this argument is premised on the previous one—that the ALJ improperly determined her RFC. The Court has rejected that argument and concluded that substantial evidence supports the ALJ's RFC determination and that the correct legal standards were applied. Plaintiff has presented no new argument with respect to the ALJ's assessment of her ability to perform her past relevant work.

### IV. CONCLUSION

Accordingly, the Court AFFIRMS the Commissioner's decision.

DATED this 9th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge